IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WOLBACH,

          Petitioner,

                                  CIVIL ACTION
    vs.                             No. 12-3099-SAC

(FNU)(LNU), Sheriff, Sherman County
Sheriff's Department, et al.,

          Respondents.


MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed by a prisoner incarcerated in the Sterling Correctional Facility, Sterling, Colorado. The court liberally construes this matter as an action filed pursuant to 28 U.S.C. § 2241. Petitioner seeks the resolution of charges filed against him by authorities in Sherman County, Kansas, and he asserts that a warrant was filed in November 2011 but no detainer has been placed.

    The petition reflects that petitioner has filed a request in the District Court of Sherman County; however, it does not appear that matter has been resolved.

    While § 2241 does not expressly require exhaustion, the Tenth Circuit Court of Appeals has held that the exhaustion of available state court remedies "is a prerequisite for ... habeas

relief." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is met when all claims asserted by the petitioner have been presented by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because it appears the petitioner has sought relief in the District Court of Sherman County, the court will direct him to supplement the record to explain whether that court has entered a decision. If not, petitioner is advised that this matter will be subject to dismissal without prejudice due to the failure to exhaust available remedies, including state appellate remedies, before commencing this application for federal relief.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including July 27, 2012, to supplement the record with a statement of whether he has exhausted available state court remedies. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 5th day of July, 2012, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge