IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN WOLBACH,

          Petitioner,

    v.                              CASE NO. 12-3099-SAC

(FNU)(LNU) SHERIFF, SHERMAN
COUNTY SHERIFF'S OFFICE, et al.,

          Respondents.

**MEMORANDUM AND ORDER**

By its order of July 5, 2012, the court granted petitioner to and including July 27, 2012, to supplement the record with a statement of whether he had exhausted available state court remedies. Petitioner was advised the failure to file a timely response might result in the dismissal of this matter without additional prior notice. The copy of the order mailed to petitioner was returned as undeliverable. Contrary to D.Kan.R. 5.1, petitioner has not provided the clerk of the court with a current address, and there has been no response to the order to show cause.

A court has the inherent power to dismiss an action for failure to prosecute in order to ensure the orderly and expeditious resolution of the cases on its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides, in part, "If the plaintiff fails… to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit Court of Appeals has interpreted this rule "to permit courts to dismiss actions *sua sponte*

for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Having considered the record, the court concludes this matter may be dismissed due to plaintiff's failure to respond to the court's order of July 5, 2012.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

A copy of this order shall be mailed to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 1st day of August, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge